We'll proceed, we'll dispense with the calling of the calendar, we'll proceed with argument in the States v. Cutler, 182479. Please proceed. Good morning, Your Honor. My name is Peter Tomeo. I represent the appellant, Mr. Cutler. I did not represent him in district court. The issue on appeal, Your Honor, is whether the lower court violated Mr. Cutler's due process rights by imposing a special condition to his lifetime's term of supervisory lease, which limited his contact with any children he may in the future have. That's the only challenge before us. That's the only challenge, Your Honor. There is no challenge to that condition relating to his current biological children. Is that correct? That is correct, Your Honor, and, in fact, he'll be in prison until they reach their majority. His children today are 7 and 3. Why is this challenge ripe for review? Because this is the only time that we can make this challenge. Why is that? Well, because that's what he has the opportunity. This only concerns the hypothetical circumstance in which he might have children in the future who are minors at the time of his release. And he is free to ask the court to change that condition at that time. And if the court refuses to or if the court continues to impose conditions that he claims violate his rights, he can appeal it. There's no problem. I mean, the court has to impose it now. It can't add conditions to the sentence later. So the court imposes it now in the event that there are problems then and leaves him a full opportunity to get rid of them if they're not warranted. Your Honor, taking your points in reverse order, the court does, the district court would have the power, and we state that in our brief, it would have the power at the time of his release to impose any additional conditions that would be warranted by the conditions at that time. It does not have, if we don't raise the argument now, what United States v. Myers says is we will have waived our ability to challenge that on due process grounds. No, I don't understand that that's the argument at all. Well, you don't understand that that's not my argument or that's what the case says? I'm sorry, Your Honor. I don't understand that you will be deemed to have waived anything. Well, Your Honor, that's what the case law indicates, that if we don't raise that. Where? Myers cites it, and they cite to the page 123 of 426F3rd, and it cites to an earlier Second Circuit case, United States v. Lucier, which was at 104F3rd 32 of page 34. And that's also supported by a Tenth Circuit case, United States v. Wayne at 591F3rd 1326 of page 1334. Your Honor, the ---- So if the decreto language were to say that it's not right for review and that your client, upon his release, will have an opportunity to make the challenge, wouldn't that cure this waiver concern or address the waiver concern? I think it would, Your Honor. But that's not what the decreto language says. The judge of Volato, in imposing sentence, seemed to indicate he might do something. I'm referring to our decreto language. Yes, I understand that. Well, if that's true, Your Honor, what we're trying to do is get the law of the case that we have here. And so that when Mr. Cutler is released in 2036 at the age of 53, he'll have the opportunity to have this issue decided at that time. Even assuming that this is right, why wouldn't this condition be appropriate for all children whenever they're born? Well, Your Honor, number one, one issue ---- You've had problems with relatives dating back decades, right? With females, Your Honor. This is male and females. There's no indication of any problem with male relatives. And that is a ---- Wait a minute. You're not challenging these conditions of supervisory release with respect to males. You're not saying that it's only with respect to females, are you? We are in regard to, and we do this in regard to this condition, not to the other condition, the contact with children. We're not challenging that. We're challenging it regarding his own ---- If you're saying he doesn't have a problem with males, then why wouldn't you be challenging the condition that precludes him from having contact with all children? Because, Your Honor, there's a difference that the courts have recognized when we're dealing with one's own children. When we're dealing with his male children, that's different. That's what we're ---- That's the issue we're raising. And we raise that in the second part of our brief where we say that even if this issue was ripe, the record does not support the imposition of this condition as it currently exists. Your Honor, but, Judge, I would have no issue with what you had proposed in terms of the decreed language here if this was something where this issue was clearly preserved for his ability to challenge it. In 2036, I think that would solve the issue. Well, let's hear from the government. You've reserved three minutes. Yes, whatever time. Good morning, Your Honors. May it please the Court. My name is Tiffany Lee, and I represent the United States. What's in dispute here is really the main language in Myers, which we should be focused on, is when this Court talks about the review when constitutional rights are implicated by a condition of supervised release. And the salient phrase is when a fundamental liberty interest is implicated by a sentencing condition. Based on the facts applied right now, there is no implication of his right with respect to any children that are not in existence currently. I think Judge LaValle, you had it correct in the fact that the district court did leave it open and provided a basis in its oral determination of the supervised release condition that the defendant would have the ability, should circumstances change in the future, to return to the court to say, you know, no, now I have this child. I believe that this important. There was no waiver. Correct. I don't believe there was any waiver of that right. Indeed, the defense counsel at the time of sentencing even said, you know, I don't object as to current children, but I have an issue in the future. And that's why the district court precisely said, listen, it may be years from now. I may not be the district court judge at the time, but I am telling you I'm giving you leave to revisit this should circumstances change. With respect to the issue on the male and female children, I believe he currently has one. This issue, I just want to say, was never addressed below. So I think the record, basically, it was never raised below. There was no preservation that there was an issue with respect to this condition based on any gender requirement. The government believes that there is an adequate record to support the condition now with respect to children, to protect children. As Judge Sullivan noted, there is a history here of contact with different types of children. And even in the PSR, it's indicated that this defendant stayed at law enforcement. He had difficulties controlling his impulses when he was out in public. Given all those circumstances, the government submits that this court should affirm the sentence and the supervised release condition. Unless there are any further questions, the government rests on its brief. So affirm as opposed to dismiss for, because it's not ripe. I guess dismiss because it's not ripe. I, you know, we were. I don't see that it's not ripe. It's just that there's nothing wrong with the sentence, and it allows him the opportunity to challenge things as they are when he's, as they turn out to be when he's released. Exactly. At the time that I was preparing this brief, you know, I just couldn't pull the right standard in terms of what to do about this case. So. He has the right to challenge the conditions of his sentence now. Correct. He's done so. Correct. He's done it with an invalid challenge. Correct. There's nothing unripe about it. And that's why, you know, I would just respectfully request that the, this court affirm, because as I mentioned. In other contexts, similar contexts, have we not dismissed based on ripeness? In certain contexts, you have dismissed based on ripeness, but the issue, I guess. The issue before the challenge, the issue is not a real issue in the sense that we can assess, for example, in this case, the constitutional protection until or unless Mr. Cutler has got children when he's released. I, you know, I think the difficulty is really the posture of this case because of the argument that's being asserted, right? So it's a conundrum because it's attacking the current condition to future events which have, are not yet in existence. So that's why, you know, personally, I'm struggling with in terms of is this a ripeness issue or is it because it's not applicable. The circumstances to which he's suggesting could implicate his rights have not happened yet. Your struggle has become our struggle. Any more? You know, my apologies in terms of, you know, just trying to figure out what the best approach would be for this case. At the end of the day, though, the sentence as it's imposed should be affirmed. Thank you. Thank you. The only thing I would say, Your Honor, is I would prefer if you're going to take that action to do it as a dismissal for not ripeness because I think that would make it clear that on the record, he would be able to raise all these challenges in 2036 or whenever the circumstances develop. Well, do you think he is a, your client, has a constitutionally protected interest in a relationship with his future as yet unconceived children? I do. I do. I think he, I think it would be ripe, right? Well, I would agree, in which case I would say, then I would ask you to reverse for re-sentencing. We don't get to reversal. We don't get to merits unless we first find this is ripe. So you said you would prefer us to dismiss on ripeness grounds. But it seems to me your argument is that we shouldn't dismiss on ripeness grounds because there is a constitutionally protected interest in his relationship with future as yet unborn children. Thank you, Your Honor. You stated that much better than I did. I appreciate that. And so now what I'm saying is if. Now I'm thoroughly confused. Well, I apologize, Your Honor. I'll do my best. Because I thought what you said was that you could, there could be a constitutionally protected interest in the future. That's to be assessed. I mean, it's not a, it's not this interest that is in the either. It's based on concrete facts. Is that correct? Yes, Your Honor. But the concrete facts would be his right to have, would be his right to have contact with any children he would have in the future. And that would have to be assessed as to whether his history and his, and his crime and the other issues that would have to be determined would affect that right and give the court a basis in which to rule, to limit his right. So he has that perspective. Right. What I'm saying though is if you're looking for, if you're not going to reverse and send us back for resentencing, that between affirmal and, affirmance and dismissal, I would, the dismissal would preserve the right. Then it would be clear that under the law of this case, his right had not yet become mature enough. I believe that under the argument I've made in the position that Judge Sullivan helped me with is that he does have that right today, but I. Isn't it correct that no matter what conditions the court imposes for a supervised release after the conclusion of a sentence, particularly a long sentence, it's hypothetical because you don't know whether the defendant will be alive at that time. So you're always speculating about what the facts will be in the future with respect to an issue, but that doesn't make it, That's correct, and that doesn't even have to be a long sentence. We don't know what tomorrow is going to bring. No, I understand that, Your Honor. So are cases, this line of cases where we dismiss for a lack of rightness, what are we to make of those? I believe that those line of cases, I think that the line of cases that you ought to be following are the cases starting with Myers. Which set down the idea that this is a constitutionally protected right, and there needs to be a sufficient record to impose the condition. And that kicking the ball down the field or putting this off for future determination, Myers specifically rejects that. And they say that that's not something that we ought to do. We have to decide this issue now, because otherwise he would give up this right. And it's for that reason I brought the appeal, and for that reason I'm asking for reversal. Secondary position is if the court does not feel that it should reverse at this time because it's not right, then I would ask the court to dismiss it rather than affirm with the idea of a future motion that he could make. Because at that point, the burden would be on him, not on the government. Although Ms. Lee rightly points out at 121 of the record that Judge Villardo gave you an opportunity. He says, I may not be the person, but you can come back. I didn't feel that. In my review, I know what she's referring to, but my concern was that it wasn't clear enough in that regard, given the decision in Myers. Come to the court and ask for permission for that condition to be modified. Right. But under that modification, Mr. Cutler would have the burden of proof. And he would not, according to Myers, have the ability to raise his constitutional rights. He would only be able to come to the court with changed circumstances, whereas what we're saying is that- I don't need Myers to say that at all. Myers was in very different circumstances. Myers was really talking about a child who was in existence. And there was no demonstration in Myers that he represented a threat to his own child. Here it's entirely different. We're talking about the possibility of future unborn children. And the court did face a demonstrated risk to even his own children, as they might exist in the future. And that justified the court in taking this precautionary-making this precautionary ruling for the protection of those children, but leaving him full opportunity to go to court to contest them at the time if there's anything to be concerned about. Respectfully, Your Honor, I don't believe that Myers can be distinguished on those grounds for two reasons. Number one, Myers specifically discussed this as a gender issue, which Judge Vellato never discussed, and there's no finding of any proclivities towards male children. And number two, in Myers, the parental rights had not been determined. He was seeking to obtain parental rights. And the court, then-Judge Sotomayor, in her decision specifically discusses that issue, that he doesn't have any parental rights at that point in time. And I think for those two reasons, the case of Mr. Cutler is very similar, and Myers is applicable. Thank you, Your Honor. Thank you very much. We'll reserve the decision. We'll hear our-